1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7    CORY J. ROSEN, an individual,

8                        Plaintiff,

NO:  2:15-CV-153-RMP

STIPULATED PROTECTIVE ORDER

         v.

9

10   PEND OREILLE COUNTY, a local
     government entity,

11                        Defendant.

12

13          Pursuant to the agreement of the parties and FED. R. CIV. P. 26(c), the Court

14   enters the following Confidentiality and Protective Order (Protective Order or

15   Order), limiting the use and disclosure of discovered information.  Accordingly,

16   the parties' Stipulated Motion for Protective Order, **ECF No. 9**, is **GRANTED**.

17   **IT IS HEREBY ORDERED** as follows:

18          1.      <u>Scope</u>. This Order shall apply to all information provided, produced,

19   or obtained, whether formally or informally, in the course of discovery in this

20   action, including, without limitation, information provided, produced, or obtained

21

STIPULATED PROTECTIVE ORDER ~ 1

1    in or through any depositions, any response to a request for admission, and any

2    document or thing provided or made available for inspection and/or copying.

3        2.    <u>Definition of Confidential Information</u>.  The following shall constitute

4    Confidential Information:

5        (a)    Personnel information, including, but not limited to, sensitive

6    and confidential personnel information regarding employees of Pend Oreille

7    County (County) and Pend Oreille County Sheriff's Office (POCSO) and sensitive

8    and confidential personnel information regarding former employees of the County

9    or POCSO, including personnel records, employment records, hiring files,

10    administrative files, training records, and/or internal affairs reports and/or

11    investigations to the extent those records are exempt from inspection and copying

12    under the Washington Public Records Act, chapter 42.56 RCW;

13        (b)    Personal financial information regarding any individual party,

14    including tax records;

15        (c)    Confidential medical information regarding any individual;

16        (d)    Any other information, documents, or things subject to

17    protection under the law or under prior agreements between the parties;

18        (e)    Any testimony regarding Confidential Information as defined in

19    the above subparagraphs;

20        (f)    Extracts and summaries prepared from such materials set forth

21    in the above subparagraphs; and

STIPULATED PROTECTIVE ORDER ~ 2

(g)    Those portions of briefs, affidavits, memorandums, depositions, or other writings, including exhibits thereto, that contain or refer to the Confidential Information.

3.    <u>Redaction of Personal Identifiers and Confidential Information.</u>

The following procedures govern the treatment of documents bearing the social security numbers, dates of birth, bank account identifications, financial information, and driver's license of any individual, whether a party, sheriff's deputy or a third party, and documents bearing the names of third parties where the identification of the third party is confidential (collectively, Personal Information).

(a)    Responsive and discoverable documents bearing Personal Information will be produced in discovery to opposing counsel in redacted and unredacted form (Redacted Version and Unredacted Document).  No Personal Information shall be redacted from Unredacted Documents.  All Personal Information shall be redacted from each Redacted Version of its corresponding Unredacted Document.

(b)    The parties shall clearly indicate all redactions either by marking each Redacted Version as "Redacted" or by redacting Personal Information in black.

(c)    The parties shall file only Redacted Versions with the Court, except that the parties may file Unredacted Documents under seal in accordance with Section 7 below.

STIPULATED PROTECTIVE ORDER ~ 3

(d)    All other procedures and provisions of this Order shall apply to Unredacted Documents and their Redacted Versions in the same manner and to the same extent as those procedures and provisions apply to all other information provided, produced, or obtained in this lawsuit.

4.    <u>Designation of Unredacted Confidential Information</u>.

(a)    The producing party shall indicate the confidential nature of documents and other information to be produced and/or the confidential nature of testimony by affixing the word "CONFIDENTIAL" or similar language thereon or by identifying or designating such documents, other information, and/or testimony as Confidential Information in writing or on the record in a deposition or other transcribed proceeding.

(b)    The designation of Confidential Information shall appear on all documents or information containing such material, including portions of depositions, briefs, or correspondence.  Confidential designations to deposition transcripts shall be made on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition.  Provided, however, that a party may designate documents produced in this matter as "Confidential" on a family level (e.g. an email and its attachment(s)) in order to reduce cost and burden during the review and production process.

STIPULATED PROTECTIVE ORDER ~ 4

(c)    If material is too voluminous or it is impracticable to designate the material as Confidential Information, that material shall be so designated in the transmittal letter.

5.    <u>Restrictions on Use and Disclosure of Confidential Information</u>.

Confidential Information shall be used solely for the preparation, trial, and/or settlement (including appeals) of the above-captioned case.  Confidential Information shall not be communicated or used for any other purpose whatsoever except as compelled by court order or disclosed pursuant to the Washington State Rules of Professional Conduct for attorneys at law.  This Order should not be construed, however, as limiting any party's right to seek a modification of this Order or to object to discovery which that party believes to be otherwise improper.

6.    <u>Permitted Disclosure of Confidential Information</u>.  Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

(a)    The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action.

(b)    The parties themselves and any employees, advisors, or agents of the parties who assist the attorneys of record in this action, provided, however, that before any such person reviews or receives any Confidential Information, he or she must read a copy of this Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit 1 hereto, unless that person

STIPULATED PROTECTIVE ORDER ~ 5

is otherwise authorized to review the Confidential Information at issue in the normal course of his or her job duties.

(c)    Independent consultants and/or experts retained by the parties to work on the action, provided, however, that before any such consultant or expert is shown or receives any Confidential Information, he or she must read a copy of this Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit 1 hereto.

(d)    Witnesses interviewed by a party's representatives or attorney or persons deposed in this lawsuit, provided, however, that before any information, document, or thing designated as Confidential Information is shown to a witness, he or she must read a copy of this Protective Order and agree in writing to abide by the same by signing a document in the form of Exhibit 1 hereto, unless that person is otherwise authorized to review the Confidential Information at issue in the normal course of his or her job duties.

(e)    Stenographic and/ or video reporters engaged for depositions or other proceedings necessary to the conduct of the action.

(f)    Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

STIPULATED PROTECTIVE ORDER ~ 6

(g)     Such persons as the undersigned counsel shall mutually consent to in writing or on the record before the proposed disclosure.

(h)     The Court and court personnel.

7.     <u>Filing Under Seal</u>.  Before any party files with the Court or submits into evidence any paper, document, exhibit, or thing that contains or discloses Confidential Information (Confidential Material), such party shall file a motion seeking an order allowing the Confidential Material to be filed under seal in accordance with local court rules.  If the Court grants such motion to seal, the Confidential Material shall remain under seal until the Court shall enter an order unsealing said documents.  If the Court denies such motion, except for procedural reasons, the Confidential Material at issue may be filed without sealing.

8.     <u>Relief Available</u>.  If a dispute arises as to the designation of materials as Confidential Information, the parties agree to attempt to resolve the issue in good faith.  If the matter is not resolved by the parties, the party challenging the confidential status of information claimed to be restricted by this Protective Order shall bring the dispute before the Court for a determination.

9.     <u>Inadvertent Failure to Designate</u>.  Neither the provisions of this Protective Order nor any designation or failure to designate any particular information, document, or material by a party as Confidential Information shall, in this litigation or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material, or information

meeting or not meeting the definition of Confidential Information in paragraph 2 above.  Upon discovery of an inadvertent non-designation, the discovering party will immediately notify the opposing party, and the information, document, or material identified will be treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Protective Order. If a party produces multiple identical copies of a document (but with different Bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation.

10.    <u>Procedure Upon Termination of Action</u>.  Within 60 days after the termination of this action, including all appeals, each receiving party must either (1) certify destruction of all Confidential Material to the producing party, including all copies, extracts and summaries thereof; or (2) return all physical copies of Confidential Material to the producing party, in accordance with the preference of the producing party.  All Confidential Material in the possession or control of any agent, employee, or expert of Plaintiff or Defendants must be destroyed or returned in accordance with this provision.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material; FURTHER PROVIDED, counsel for a party may certify that

STIPULATED PROTECTIVE ORDER ~ 8

1  Confidential documents attached to email and stored in counsel's email systems

2  will continue to be maintained securely and consistent with the provisions of this

3  Order.

4       11.    Continuing Order and Continuing Jurisdiction of This Court.  The

5  provisions of this Protective Order shall, absent written consent of the parties

6  hereto, continue to be binding after the conclusion of this action, and the Court

7  shall retain jurisdiction for the purpose of ensuring compliance with the Protective

8  Order and granting such other and further relief as may be necessary.

9       District Court Clerk is directed to enter this Order and provide copies to

10  counsel.

11       **DATED** this 15th day of October 2015.

12

13                    *s/ Rosanna Malouf Peterson*
                  ROSANNA MALOUF PETERSON
14               Chief United States District Court Judge

15

16

17

18

19

20

21

STIPULATED PROTECTIVE ORDER ~ 9