1  COLLETTE C. LELAND, WSBA No. 40686
2  KAMMI MENCKE SMITH, WSBA No. 34911
3  WINSTON & CASHATT, LAWYERS, a
   Professional Service Corporation
4  601 W. Riverside, Ste. 1900
   Spokane, Washington 99201
5  Telephone: (509) 838-6131
6  Facsimile: (509) 838-1416

7  Attorneys for Plaintiff

8

9

10              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF WASHINGTON
11

12

13  CORY J. ROSEN, an individual,

14                              Plaintiff,    | No. CV-15-00153-RMP

15  vs.                                       | PLAINTIFF'S NOTICE, MOTION
16                                            | AND MEMORANDUM TO STRIKE
    PEND OREILLE COUNTY, a local              | DEFENDANTS' EXPERT WITNESS
17  government entity, PEND OREILLE
    COUNTY SHERIFF ALAN                       | **With Oral Argument**
18  BOTZHEIM, an individual, PEND
19  OREILLE COUNTY SHERIFF'S                  | **Hearing Date: 8/17/16**
    DEPARTMENT, a local government            | **9:30 a.m.**
20  entity, and UNDERSHERIFF GRANT
21  SIREVOG, an individual,

22
                                Defendants.
23

24

PLAINTIFF'S NOTICE, MOTION AND
MEMORANDUM TO STRIKE DEFENDANTS'
EXPERT WITNESS
Page 1

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

## I. INTRODUCTION

Plaintiff Cory J. Rosen seeks an order striking the expert testimony of Michael Brasfield. Mr. Brasfield is a former law enforcement officer, who intends to offer at trial several opinions regarding the conduct of the Defendants which fail to meet the requirements for expert testimony. Mr. Brasfield's testimony posits that general policies regarding cooperation between law enforcement agencies justified and required all actions by Defendants. This testimony should be barred under Federal Rules of Evidence 403, 702, and 703.

## II. MR. BRASFIELD'S EXPERT OPINIONS

The Defendants' report identifies the following opinions to be proffered by Mr. Brasfield:

1. "That the named defendants did not engage in any activity … that could be construed as violating the duties and obligations of a duly elected Sheriff in the State of Washington."

2. Defendants were required to convey all employment information about plaintiff, including Mr. Rosen's employment, performance, and discipline information, when contacted by prospective law enforcement employers. Defendants had no professional alternative.

3. Defendants "acted in a manner consistent with the duties and obligations of their positions and office" in disclosing information regarding Mr. Rosen to prospective law enforcement agency employers.

PLAINTIFF'S NOTICE, MOTION AND MEMORANDUM TO STRIKE DEFENDANTS' EXPERT WITNESS
Page 2

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

4. "[D]efendants acted in a reasonable and prudent manner, and … their actions were professionally and lawfully appropriate."

5. The actions of defendants were "within the normal and accustomed requirements and practices of Washington State law enforcement agencies, Washington State Sheriffs' Offices, the Pend Oreille Sheriff's Office, and the requirements of the State of Washington."

(Dec. of C. Leland, Ex. B at 12-13). Mr. Brasfield relies upon the Washington Association of Sheriffs and Police Chiefs model policy for impeachment disclosure; RCW 10.93.001, 36.28.011, and 39.34.010; the Prison Rape Elimination Act; and various conference topics, speech excerpts, and general codes utilized by law enforcement agencies to formulate his opinions. (Dec. of C. Leland, Ex B at 13-17).

## III. ARGUMENT

Admissibility of expert testimony is governed by Rules 702 and 703. See also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592-93 (1993); Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999); General Elec. Co. v. Joiner, 522 U.S. 136 (1997). Rule 703 allows an expert to formulate an opinion based on facts or information which "experts in the particular field would reasonably rely on … in forming an opinion on the subject …" Fed. R. Evid. 703.

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

The proponent has the burden of proving admissibility. <u>Lust v. Merrell Dow Pharmaceuticals, Inc.</u>, 89 F.3d 594, 598 (9th Cir. 1996). "[O]pinion evidence that is connected to existing data only by the *ipse dixit* of the expert" may be properly excluded by the court. <u>Joiner</u>, 522 U.S. at 146.

The test for reliability "is not the correctness of the expert's conclusions but the soundness of his methodology." <u>Stilwell v. Smith & Nephew, Inc.</u>, 482 F.3d 1187, 1192 (9th Cir. 2007). The focus "must be solely on the principles and methodology; not on the conclusions they generate." <u>Joiner</u>, 522 U.S. at 146. The test for relevance requires that the evidence "will assist the trier of fact to understand or determine a fact in issue." <u>Henricksen v. Conoco Phillips Co.</u>, 605 F. Supp. 2d 1142, 1154 (E.D. Wash. 2009). "The gatekeeping inquiry must be 'tied to the facts' of a particular 'case.'" <u>Kumho Tire Co.</u>, 526 U.S. at 150, (quoting <u>Daubert</u>, 509 U.S. at 591).

### A. Mr. Brasfield's report is not supported by factual principles or authority, and makes inadmissible legal conclusions on the ultimate legal issues in this case.

An expert testifying on police policies and practices must lay an adequate foundation to establish the appropriate "methodology" for such testimony. <u>Berry v. City of Detroit</u>, 25 F.3d 1342, 1353 (6th Cir. 1994). If an expert is

PLAINTIFF'S NOTICE, MOTION AND
MEMORANDUM TO STRIKE DEFENDANTS'
EXPERT WITNESS
Page 4

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

testifying as to police practice based primarily on experience, the court's gatekeeping function requires more than taking the expert's word for it. See, Cerbelli v. City of New Yourk, 2006 WL 2792755 (E.D. N.Y. 2006) (holding that while expert had sufficient law enforcement experience, there existed no reliable basis to allow him to testify to legal conclusions on failure to follow policies). "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid 702 advisory committee's note. "The more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable." Id.

Here, the Defendants' expert lays no foundation for application of the general policies and statutes cited in his report to the specific conduct at issue in this case. As a result, his opinion is based wholly upon his own personal experience, but Mr. Brasfield cannot testify as to his conclusions from that experience based solely upon his long career in law enforcement. Moreover, the conclusions he has reached are legal conclusions that are inadmissible under any circumstance.

PLAINTIFF'S NOTICE, MOTION AND
MEMORANDUM TO STRIKE DEFENDANTS'
EXPERT WITNESS
Page 5

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

As outlined, Mr. Brasfield intends to testify on what the legal obligations of the Defendants were, and that they complied with those legal obligations when they took the alleged wrongful actions, and thus cannot be liable. Mr. Brasfield's opinions are broad, unequivocal statements about ultimate lack of all liability extrapolated from general policy statements regarding cooperation between government agencies that do not address the specific duty Mr. Brasfield asserts exists. (Dec. of C. Leland, Ex. B at 12-13) The opinions set forth in Mr. Brasfield's report instead cite to model policies, Washington and federal statutes which are not on point, and topics from law enforcement meetings. (Dec. of C. Leland, Ex. B, at 13-17; Dec. of C. Leland, Exs. C - I). This calls into question the reliability of the principles and methodology used by Mr. Brasfield.

The tenuous connection between the language of his sources and Mr. Brasfield's opinion require Mr. Brasfield to overstate both the context of the policies/statutes and their actual meaning. For example, the Prison Rape Elimination Act requires DOC to determine if an applicant has a substantiated or pending allegation of sexual abuse; it does not require a former employer to proactively disclose an allegation of failing to report indecent exposure as Mr. Brasfield implies. See, 28 C.F.R. §§ 115.6, 115.17(c).

PLAINTIFF'S NOTICE, MOTION AND
MEMORANDUM TO STRIKE DEFENDANTS'
EXPERT WITNESS
Page 6

Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

Further, Mr. Brasfield has failed to provide the actual sample language he asserts supports his opinion and is found in "most" Washington State law enforcement agency manuals and mission statements. (Dec. of C. Leland, Ex. B at 17). The trier of fact is asked to take his word that these statements are true. See, Dec. of C. Leland, Exs. C - I; chapter 10.93 RCW; RCW 36.28.011, 39.34.010.

Mr. Brasfield has extended plain language from codes of conduct, ethics statements, and excerpts from speeches cited far beyond their objective meaning. (Dec. of C. Leland, Ex. B at 15). These items merely espouse a general statement about cooperation among agencies. (Dec. of C. Leland, Ex. B at 15). They do not address discipline and termination of employees, retaliation, disclosure of confidential employment information, or any other of the issues in this matter. For example, the speech by Mr. Mueller on which Mr. Brasfield relies was unquestionably about terrorism prevention, a subject unrelated to this action.

In addition, Mr. Brasfield comments not only on these purported standards, but also proffers opinions on the law and the ultimate issue: defendant's compliance or non-compliance with the law. Expert testimony cannot state legal conclusions because such testimony is not helpful. Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004); see also McHugh v. United

PLAINTIFF'S NOTICE, MOTION AND
MEMORANDUM TO STRIKE DEFENDANTS'
EXPERT WITNESS
Page 7

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

<u>Service Auto Ass'n</u>, 164 F.3d 451, 454 (9th Cir. 1999). Mr. Brasfield asserts throughout his report that Defendants had an obligation and duty to engage in the complained of behavior, and that support for these duties is found in black letter law. (Dec. of C. Leland, Ex. B at 7 n.8, 14-17) Proffering this testimony necessarily requires Mr. Brasfield to invade the province of the court to instruct the jury on his interpretation of the law.

While Mr. Brasfield has a lengthy law enforcement career, his opinions are not simply based on that experience, but instead improperly suggest there exists a specific legal duty by the Defendants to affirmatively disclose the employment information in Mr. Rosen's case. This opinion lacks the necessary underlying proof of such policies; as a result, Mr. Brasfield's opinion lacks sufficient reliability under a <u>Daubert</u> analysis.

Because Mr. Brasfield's reliance on broad policy statements and laws to justify and require the Defendants' action is unreliable and unhelpful to the jury his testimony should be stricken, or alternatively, limited to those few statements based solely on his own experience in law enforcement. Moreover, any legal conclusions which usurp jury function should be barred.

PLAINTIFF'S NOTICE, MOTION AND
MEMORANDUM TO STRIKE DEFENDANTS'
EXPERT WITNESS
Page 8

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

## B. The probative value, if any, of Mr. Brasfield's testimony is substantially outweighed by the danger of unfair prejudice.

Expert testimony is subject to Federal Rule of Evidence 403. Rule 403 promotes correct factual determinations in individual cases and actual and perceived fairness in the judicial process as a whole. United States v. Robinson, 544 F.2d 611, 616 (2nd Cir. 1976) (abrogated on other grounds). Here, Mr. Brasfield's testimony unfairly would suggest that generalized policies in some fashion create a specific duty with which the Defendants complied, and thus their compliance cannot form the basis of a claim of misconduct.

In a similar case, the court properly excluded expert testimony regarding an "Engineering Code of Ethics" under Rule 403. Chism v. CNH America LLC, 638 F.3d 637, 643 (8th Cir. 2011). In Chism, a products liability case, the code at issue was substantially similar to the ones relied upon by Mr. Brasfield, in that it urged engineers to "to use their knowledge and skill for the enhancement of human welfare" and "hold paramount the safety, health and welfare of the public in performance of their professional duties." Id. The expert intended to testify that the code required engineers to engage in certain specific activities when designing a product. Id. at 643-44. The testimony was precluded on grounds that it was

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

irrelevant "because there was no legal force or effect" to the code. Id. at 644. The Chism court noted the code was merely "aspirational goals within the engineering industry, not a body of ethical standards with legal force" and therefore "had enormous potential for prejudice" at trial. Id.

The opinions offered by Mr. Brasfield are inadmissible for the same reasons. The sources he relies upon have no binding force and effect as to the allegations in this case and are at best "mere aspirational goals," which do not establish any specific legal obligations relevant to this case. Yet, Mr. Brasfield intends to use this aspirational information to opine that the Defendants had a legal obligation and lawful duty to engage in the conduct alleged in the complaint. The Chism court concluded, however, that expert opinion which extrapolated a duty from a statement with no legal force was irrelevant and had an enormous potential for prejudice. 638 F.3d at 644.

In addition, Mr. Brasfield's unsupported expert testimony is likely to engender a heightened prejudicial effect given his lengthy employment history in law enforcement. Expert testimony from law enforcement officers carries additional weight which requires a careful and detailed consideration of the potential prejudicial effect. United States v. Gutierrez, 995 F.2d 169, 172 (9th Cir.

PLAINTIFF'S NOTICE, MOTION AND
MEMORANDUM TO STRIKE DEFENDANTS'
EXPERT WITNESS
Page 10

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

1993); see also United States v. Espinosa, 827 F.2d 604, 613 (9th Cir. 1987). In this matter, the probative value of Mr. Brasfield's expert testimony, if any, is substantially outweighed by the potential for unfair prejudice and should not be admitted at trial.

IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that the motion be granted.

DATED this 31st day of May, 2016.

> s/Collette C. Leland
> Collette C. Leland, WSBA No. 40686
> Kammi M. Smith, WSBA No. 34911
> WINSTON & CASHATT, Lawyers
> Attorneys for Plaintiff
> 601 W. Riverside, Ste. 1900
> Spokane, WA 99201
> (509) 838-6131
> Facsimile: (509) 838-1416
> E-mail Address: ccl@winstoncashatt.com
> E-mail Address: kms@winstoncashatt.com

PLAINTIFF'S NOTICE, MOTION AND MEMORANDUM TO STRIKE DEFENDANTS' EXPERT WITNESS
Page 11



Winston & Cashatt
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131

I hereby certify that on May 31, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Heather C. Yakely
Evans, Craven & Lackie, P.S.
hyakely@ecl-law.com

Attorney for Defendants

<div style="text-align: right;">

s/Collette C. Leland, WSBA No. 40686
WINSTON & CASHATT
Attorneys for Plaintiff
601 W. Riverside, Ste. 1900
Spokane, WA 99201
(509) 838-6131
Facsimile: (509) 838-1416
E-mail Address: ccl@winstoncashatt.com

</div>

PLAINTIFF'S NOTICE, MOTION AND MEMORANDUM TO STRIKE DEFENDANTS' EXPERT WITNESS
Page 12

*Winston & Cashatt*
A PROFESSIONAL SERVICE CORPORATION
Bank of America Financial Center
601 West Riverside Avenue, Suite 1900
Spokane, Washington 99201-0695
(509) 838-6131